# Cincinnati, New Orleans and Texas Pacific Railway Company v. McQuaid.

(Decided November 29, 1916.)

## Appeal from Fayette Circuit Court.

1. Railroads—Negligent Operation of Trains—Injury to Property.— In an action for damages against a railroad company charging negligent operation of its trains resulting in the throwing of unusual and unnecessary quantities of soot, smoke and cinders on the property of plaintiff, there being evidence that there was a steep grade on the switch track near plaintiff's property and a considerable curve at that point, and that the engine would frequently get stalled on this grade, and at times the engineer would continue his efforts to compel the engine to push the cars up the grade, the jury had the right to infer negligence in undertaking to carry up the grade and around the curve too heavy a load.

2. Railroads—Negligent Operation of Trains.—Where there is evidence that an engine properly handled could, without difficulty take four cars up a grade and around a curve at one time, and there was direct evidence showing that at times an engine with four cars was stalled on the grade, the jury was authorized to infer that it was due to the negligence of those in charge of the engine, especially when it was shown that the engines were sometimes in charge of inexperienced men.

3. Railroads—Negligent Operation of Trains.—An instruction which said to the jury that the plaintiff was not entitled to recover damages caused to her property by cinders, smoke and soot thrown thereon by skillful and prudent operation of the cars and engines is proper, and is not subject to the criticism that it did not clearly indicate to the jury that they were only to find for the plaintiff for the excessive soot, smoke and cinders caused by the negligent operation.

4. Appeal and Error—Verdict—Evidence.—Where the evidence is conflicting and the verdict is not clearly and palpably against the weight of the evidence this court will not set it aside.

HUNT & BUSH and JOHN GALVIN for appellant.

ALLEN & DUNCAN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming on original and cross-appeal.

The appellee is the owner of a plot of ground on Foreman street, in Lexington, having a frontage of about two hundred and twenty feet. This property was bought by her in 1891 and she erected thereon three cottages for rent and a house in which she lives. On the east and

southeast this property abuts on the right-of-way of appellant, railway company, and on its said right-of-way and near appellee's house it operates a switch track running to certain coal bins belonging to it.

In 1899 this switch track was reconstructed and elevated so as that the coal from the cars might be dumped more conveniently into the coal bins.

In April, 1909, one of appellee's rent houses was burned and in April, 1910, this action was brought for damages. Three causes of action are set up against defendant. First, that the defendant had negligently constructed its said switch track at such a grade and on such a curve as that the operation of cars over the same became a nuisance; second, that the defendant negligently operated its cars and engines over this switch track and because of such negligent operation caused to be thrown upon her property an unusual and unnecessary quantity of soot, smoke, cinders and dirty water and because thereof made and created unusual and unnecessary noises whereby the value of the use of her property and the rental value thereof was lessened; third, that the defendant had negligently set fire to one of her rent houses and caused same to be burned in April, 1909.

On the trial the court properly declined to instruct the jury on the first proposition because all the evidence showed that the switch track had been properly constructed, but on the other two questions submitted the case to the jury. The jury found for the defendant on the issue as to whether it had set fire to the plaintiff's house, but on the question of negligent operation resulting in the throwing of unusual and unnecessary quantities of soot, smoke and cinders on appellee's property and creating unusual and unnecessary noises, it returned a verdict for the plaintiff for $615.

From a judgment on that verdict the railroad company has appealed, and the plaintiff prosecutes a cross-appeal because of her dissatisfaction with the verdict on the other issue.

Two grounds are urged for reversal by appellant: First, that it was entitled to a peremptory instruction on the issue upon which the jury found for the plaintiff, and, second, that the instructions were erroneous and did not fairly submit that issue to the jury.

The evidence for the plaintiff showed that the switch track was erected upon a grade of from five to eight per cent., varying at different points, and that there is a considerable curve as the track proceeds from the eastern end of plaintiff's property around to the southeastern part; that frequently in cold or wet weather, and sometimes in dry weather, the engine operating on this switch track would get stalled thereon and have to return and make another run; that sometimes three and four efforts were made before the cars would be finally placed at the bins; that at times when the engine would stall the engineer in charge would continue his efforts to compel the engine to push the cars up; that nearly always three and frequently four cars were taken up or attempted to be taken up at the same time.

It is a matter of common knowledge that a railroad engine taking a heavy load up a steep grade will in the exertion and in the use of the increased power necessary to accomplish its task emit more soot, smoke and cinders than it would if it had a smaller load on a lesser grade, and therefore from this evidence the jury had a right to infer negligence upon the part of the defendant in undertaking to carry up this grade and around this curve too much of a load at one time, and that this negligence resulted in the throwing of unusual and unnecessary quantities of smoke and cinders on plaintiff's property. Likewise we know as a matter of common experience an excessively laden train going up a steep grade will make considerably more noise than it would if it had a lighter load.

Not only so, but there was evidence by the defendant's witnesses tending to show that an engine properly handled could without difficulty place four cars at the bins on that switch track, and as there was direct evidence showing that at times an engine with four cars was stalled on this grade, the jury might well have inferred that it was due to the negligence and carelessness of those in charge of the engine, and especially in view of the fact that there was evidence to show that at times some of the engines were in charge of inexperienced men. We think the court properly overruled the motion for a peremptory instruction.

It is complained of the third instruction that the jury were not told distinctly therein that the plaintiff could only recover for the *excessive* soot, smoke, cinders and

noise caused by the negligent operation over and above what would have been caused by prudent operation. An examination of the instruction in question discloses that it is not subject to the criticism: on the contrary it is unusually clear and explicit in the respect indicated. In fact it is so clear, accurate and impartial in the submission of the issue that we have deemed it proper to insert it in this opinion as a guide in future litigation of this nature. The instruction is as follows:

"The jury are instructed that the defendant Railroad Company had the right to construct its switch track upon its right of way adjoining the property of the plaintiff, and had the right to operate its cars and engines over and upon said switch track in a skillful and prudent manner, and the plaintiff is not entitled to recover any damages which may have been caused to her property, or the use or enjoyment thereof, by reason of any cinders, smoke, soot or noise caused by such skillful and prudent operation of the defendant's cars and engines on said track; but if the jury believe from the evidence that the defendant operated its cars and engines over said switch track in an unskillful or negligent manner, and that by reason of such unskillful or negligent operation of its engines and cars, if there was any such operation, an unusual, excessive or unnecessary amount of cinders or smoke or soot was thrown over and upon the plaintiff's lot and houses, and that an unusual and excessive and unnecessary amount of noise was created by such operation, and that the use and enjoyment of plaintiff's property was injured by reason of such unusual, excessive and unnecessary cinders, soot and smoke, and by such excessive and unnecessary noise, then the jury should find for the plaintiff."

It is complained of instruction No. 4 that while it properly limited the recovery of damages for the diminution in the rental value of the cottages which were rented out to a period of five years before the bringing of the action, it did not limit the jury to the same time as to the diminution in the value of the use of the property occupied by the plaintiff. The contention is without merit; an examination of the instruction shows that the right to recover for the diminution in rental value of the three rented houses and the right to recover for diminution in value in the use and enjoyment of the house occupied by the plaintiff were so linked together as that

the jury could not have understood that they might cover a longer period in estimating one item of damages than the other.

On the plaintiff's cross-appeal the only ground for reversal is that the verdict was contrary to the weight of the evidence.

It is sufficient to say that the evidence was quite conflicting on this issue and was sufficient to have sustained a verdict either way. Under such circumstances this court will not set it aside. Certainly the verdict is not clearly and palpably against the weight of the evidence.

The judgment is affirmed on both the original and cross-appeals.